## Village of Chatsworth v. Eliza Rowe.

66   55
166s  114

1. EXCESSIVE DAMAGES—*After Three Trials.*—Where the court can not say that the damages are so excessive as to require a reversal, especially where three juries have found for nearly the same amount, it will, although it would be better satisfied with a less verdict, affirm the judgment on the ground that there must be an end of litigation.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

C. C. STRAWN and A. C. NORTON, attorneys for appellant.

TORRANCE & TORRANCE and GEORGE W. PATTON, attorneys for appellee.

OPINION PER CURIAM.

This was a case commenced in the Circuit Court of Livingston county by appellee, to recover in an action on the case for injuries she alleges she received by falling on appellant's sidewalk on account of tripping on a loose board, averring negligence of appellant in not keeping the sidewalk in

proper repair. She recovered on the last trial $3,250, after remitting $750 of the verdict. The recovery was the same as when the case was in this court on former appeal. The case, as it appeared when here before, will be found reported in 53 Ill. App. 388, to which we refer for a full statement of the case as it then appeared.

The evidence and rulings of the court below seem substantially the same as when the case was here before.

The erroneous instruction given on the former trial, for which the judgment in the case was reversed, does not appear in this record. While we would have been better satisfied with a less verdict, we can not say that the damages returned by the jury are so excessive as to require a reversal, and especially when three juries have found the same way, and nearly for same amounts. There must be an end of litigation, and we are constrained to hold, on the record, that substantial justice has been done.

We therefore affirm the judgment.